IRVING WRENN, PLAINTIFF, v. JOSEPH BELLAMY AND TALBERT LEWIS, INDIVIDUALLY, JOINTLY AND IN THE ALTERNATIVE, DEFENDANTS.

IRVING WRENN, PLAINTIFF, v. AMERICAN EMPLOYERS INSURANCE COMPANY, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued April 4, 1966—Decided April 7, 1966.

Before Judges GOLDMANN, FOLEY and COLLESTER.

*Mr. Richard J. S. Barlow, Jr.* argued the cause for appellant (*Messrs. Lenox, Giordano & Lenox,* attorneys).

Respondents filed no brief.

PER CURIAM. The Unsatisfied Judgment Fund appeals from (1) an order to pay entered in the case of *Wrenn v. Bellamy and Lewis,* and (2) an order denying its motion to intervene and to vacate a summary judgment entered in *Wrenn v. American Employers Insurance Company.* We stayed the order to pay pending determination of the consolidated appeals.

Wrenn, a passenger in an automobile owned by Lewis, brought a negligence action against Lewis and Bellamy, the driver of the car. At the very start of the case both sides expressly agreed that the matter would be tried on the issue of Bellamy's agency; his permission to drive, either express or implied, was definitely eliminated as an issue. In fact, the pretrial order was amended to accomplish that end. The jury evidently concluded that Bellamy had not been acting as Lewis' agent, and consequently returned a verdict against Bellamy only.

Bellamy being uninsured, Wrenn then sued Lewis' insurance company, American Employers Insurance Company. The company moved for summary judgment, which was granted. The Fund was not a party to that proceeding.

Wrenn next moved for an order requiring the Fund to pay $10,000 on the verdict he had obtained against Bellamy.

See *N. J. S. A.* 39:6–69 to 71. In a summary proceeding held pursuant to *N. J. S. A.* 39:6–70 the Fund claimed that there was a valid and existing policy (held by Lewis) covering the operation of the vehicle by Bellamy. This contention was evidently based upon the fact that there remained open and unlitigated the question of Bellamy's having had permission to operate the Lewis car, in which event Bellamy would be an additional insured under the omnibus clause of the insurance policy. The trial judge granted Wrenn's motion, holding that the issue of coverage had been determined in his action against the insurance company, to which action, as noted, the Fund had not been a party.

The Fund appealed from the order to pay and moved to consolidate with that appeal the case against American Employers and to vacate the summary judgment entered therein. We directed the Fund to make an application to intervene and vacate the summary judgment in *Wrenn v. American Employers Insurance Company* and stayed the Fund's appeal on the order to pay. The Fund made such an application, and it was denied. The Fund then appealed from that decision, and we consolidated the appeal with that from the order to pay.

It was error for the trial judge to refuse intervention by the Fund in the *American Employers* case. We have pointed out that the original negligence action was based on agency only. Permission was not in issue, and has never been litigated. The Fund is entitled to have a determination of that question, since it goes directly to its obligation to pay.

Accordingly, we reverse and remand, with direction that the Fund be permitted to intervene in the *American Employers* case for the purpose of litigating the issue of permission. The order to pay will be vacated, without prejudice. No costs.